■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MORGAN and ANGEL M., Appellants.—Two judgments (one as to each defendant) of the Supreme Court, Queens County, each rendered June 5, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Rabin, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE. OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. POWERS, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Dutchess County, imposed July 10, 1975, the sentence being a term of imprisonment with a maximum of four years. Appeal dismissed. The maximum term of defendant's sentence has expired. Mollen, P. J., Hopkins, Titone and Lazer, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN RICCARDO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered October 24, 1979, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The prosecution in this case proceeded upon the theory that defendant drove one Calderoca to the scene of the burglary knowing that Calderoca was bent on criminal enterprise and intending to assist him in that enterprise by driving him to, and perhaps from, the scene of the burglary. Defendant admitted driving Calderoca but claimed that he did so for hire and that he was unaware that Calderoca intended to commit a burglary. For various reasons the trial in this case was not held until well over four years had passed from the time of the arrest. Nevertheless, a police officer testified that he recalled, without the aid of notes, that defendant had told him at the station house on the day of the arrest that he was out of work and needed the money. Defendant denied making the statement and in an effort to corroborate his denial introduced into evidence a copy of his pretrial services agency interview report. This report, prepared shortly after the arrest, indicated that defendant was employed by the Rizzi Construction Company as a carpenter. In furtherance of his effort to discredit the officer's testimony defense counsel sought, in his summation, to refer to the pretrial services agency report. Upon objection by the prosecution, he was limited by the court in his attempt to do so. In view of the fact that the report was admitted into evidence without qualification, the limitation of defense counsel's opportunity to comment upon the evidence was improper and acted to deprive defendant of a fair trial. Accordingly, a new trial is required. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.