■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHN MOTT, Appellant.—Judgment unanimously modified on the law by reversing defendant's conviction of murder, second degree, and granting a new trial thereon, and as modified judgment affirmed. Memorandum: In this prosecution for murder, larceny and arson, the People alleged that defendant and his accomplices stole a vehicle, drove to the house of John Scott, robbed and murdered him, and set the house on fire. The jury convicted defendant of felony murder and unauthorized use of a motor vehicle.

In their case-in-chief, the People introduced testimony of a forensic chemist, along with his written report, that microscopic examination revealed no charring or blood stains on defendant's jacket. During trial defense counsel requested that serological tests be made upon certain items of clothing and a knife. The District Attorney had no objection to those tests being made, but insisted that similar tests be done on defendant's jacket. The court permitted the tests to be conducted, but reserved on admissibility of the results. The prosecution subsequently sought to admit the test results which purported to show the presence of human blood on the sleeves of defendant's jacket. The court refused the offer as untimely but also prohibited defense counsel in his summation from mentioning the chemist's testimony concerning the lack of blood on defendant's jacket. That was error.

The effect of the court's ruling was to permit the prosecution through inadmissible evidence to refute its own evidence. Further, the court denied defense counsel the right to "comment upon every pertinent matter of fact bearing upon the questions which the jury have to decide" *(Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 102; *People v Ashwal,* 39 NY2d 105, 109). Inasmuch as the evidence was admitted without qualification "the limitation of defense counsel's opportunity to comment upon the evidence was improper and acted to de-

prive defendant of a fair trial." *(People v Riccardo,* 77 AD2d 578.)

We have reviewed the other issues raised by defendant and find them to be without merit. Since no issue was raised concerning defendant's conviction of unauthorized use of a motor vehicle, that judgment is affirmed. (Appeal from judgment of Livingston County Court, Houston, J.—murder, second degree.) Present—Doerr, J. P., Denman, Boomer, Lawton and Davis, JJ.